Downey, Judge,
delivered the opinion of the court:
Plaintiffs sue to recover for services rendered in carrying the mails in the city of St. Louis for a period of about sixteen months beginning July 1, 1911, a part of the contract period hereinafter referred to. It was the service commonly called screen-wagon mail service. For the purposes of this opinion it is not necessary to repeat in detail the facts, as they are set out in the findings. There are, in fact, many things set out in the findings which, as we view the case, are not material and therefore not for our consideration, but they are set out because requested by plaintiffs and because they do bear upon plaintiff’s theory of the case.
After bulletin advertisement and bid by the plaintiffs they were awarded and entered into a contract for the performance of mail service in the city of St. Louis for a period of four years begining July 1, 1911. There was then building in the city of St. Louis a new post office not yet completed. It is apparent if it had been ready for service by July 1, 1911, there would have been no trouble as an outgrowth of *36 this contract, for the service contemplated was a circuit service beginning and ending at the new post office, and when the new post office was finally completed ready for occupancy and the service originally contemplated by the plaintiffs was entered upon, it was performed apparently to the satisfaction of both parties and without controversy as to compensation. Whether it was known to the Post Office Department when the schedule of service operative from and to the new post office, and included in the bulletin, and bid upon, was prepared, that the new post office would not then be ready for occupancy, does not appear. It does appear that before bidding and before entering into the contract the plaintiffs knew the post office would not be completed then, the postmaster at St. Louis well knew that it would not be completed then and for some time, not definitely shown, antecedent to the commencement of the proposed four-year term, the Post Office Department knew that the new building would not be ready for occupancy at that time. However that may be, the contract was entered into and it required the plaintiffs to begin service July 1, 1911.
A screen-wagon mail service was then in operation in the city of St. Louis, handling the mails between various railroad stations and the post office. It was a service being rendered and paid for upon a basis theretofore provided in the Post Office Department with reference to such matters and from which the new service contemplated by plaintiffs’ contract was a departure in that this new service contemplated payment upon a mileage basis for the miles traveled in handling the mails and, in this particular instance, contemplated a circuit service, beginning and ending as to each circuit at the new post office, and involving compensation for all miles traveled by the contractors’ vehicles.
Shortly before the beginning of the contract period, it being apparent that the service contemplated could not then be rendered, there were conferences with reference to the matter as between the postmaster at St. Louis and these plaintiffs, the postmaster and his assistant at St. Louis and these plaintiffs, and between these plaintiffs and the Second Assistant Postmaster General, having charge of this particular class of service. As between the plaintiffs and the *37 postmaster and his assistant at St. Louis, it appears that the plaintiffs were urged to submit their bid and to enter into the contract upon the representation that even though thereby they were required to commence service on July 1 the department would take care of the matter when the time came. Whether plaintiffs had any right to rely in any degree upon these representations made by the postmaster and his assistant at St. Louis is not necessary for our determination. The Second Assistant Postmaster General informed the plaintiffs after they had submitted their bid, and again after having entered into the contract, that they would be expected to commence service on the 1st of July, as provided in their bid and contract, and that a statement as to the service required would in due time be furnished them.
Late in June they were furnished by the postmaster at St. Louis with an order of the Post Office Department restating the service required on the first day of July, 1911, and thereafter until further order. The restated service was a continuation of the service then being performed by another contractor and was in many respects radically different from the service contemplated by the plaintiffs’ contract, although in restating the service it appears that compensation was provided for on a mileage basis pro rated to the contract.
The plaintiffs contend that the restated service required of them and upon the performance of which they entéred under protest was not the service contemplated by- their contract and that it was not a service within the contemplation of any provision in the contract, and that for the performance of such service they are entitled to be paid under an implied contract and upon a quantum meruit basis. The defendant contends that the service was an additional service which the Postmaster General had a right to require of the plaintiffs under a provision of their contract set out in the findings or that, if it be held that it was not such a service and therefore not performed under the contract, it was a service performed by the plaintiffs in response to the order of date of June 30,1911, calling upon plaintiffs to render the service and stating the compensation to be paid therefor, and hence *38 a service to be compensated for on the stated basis and not otherwise.
In view of the widely different character of the service required from that contemplated by the contract, we may doubt whether the service was such new and additional service as might be required under the contract, but we do not find it necessary for our purposes to determine the question. When we reach the question of the basis of compensation we may conclude that it is not material whether that basis is found in the contract or in the order of June 30,1911.
The plaintiffs’ theory clearly is that the service required and performed, not being within the purview of the contract, was a service which the plaintiffs were not thereby required to perform. This theory must be adopted in the determination of the case; and if it be adopted as contended for by plaintiffs, it must necessarily follow that the plaintiffs, as to the performance of the restated service, were free agents and might perform or not, as they saw fit. There could be no obligation upon the part of the plaintiffs to perform such a service for the Post Office Department unless it were a contract obligation. The situation, then, seems simply to be that the Post Office Department, by its order of June 30, 1911, requested or assumed to require of the plaintiffs the performance of a stipulated service in the carrying of the mails which they were not bound to render and stated in connection therewith the compensation which would be paid for the service. It is well settled that the performance of a service for the United States under such circumstances is to be compensated for upon the basis proposed and not otherwise. The principle is settled in many of the cases, among which we cite the following: A., T. & S. F. Ry. Co. v. United States, 225 U. S., 640; C., M. & St. P. Ry. Co. v. United States, 198 U. S., 385; Eastern R. R. Co. v. United States, 129 U. S., 391; Atlantic Coast Line v. United States, 53 C. Cls., 638, affirmed 251 U. S., 546; K. C., M. & O. Ry. Co. v. United States, 53 C. Cls., 258, and cases cited, affirmed 251 U. S., 326; N. Y., N. H. & H. R. R. Co. v. United States, 53 C. Cls., 222, affirmed 251 U. S., 123.
In determining the compensation to be awarded the plaintiffs under this order some facts are necessary for con *39 sideration. As already suggested, the service contemplated by plaintiffs’ contract was upon a new basis adopted by the Post Office Department, viz, compensation upon a mileage basis, and in this case compensation upon such a basis as that the contractors should be paid for all miles necessarily traveled in the performance of the service. The restated service, which was in fact a continuation of the old service, was not upon a circuit basis, but involved trips back and forth between the post office and railroad stations and other points where mail was to be delivered and received. It is conceded by the defendant that the plaintiffs were entitled to compensation for this service upon a mileage basis, but the defendant contends that the compensation is to be limited to compensation for the miles traveled when actually carrying mail. In making a trip, for example, from the post office to a railroad station carrying mail it happened much of the time that the same vehicle in returning from the station to the post office carried incoming mail, and in such instances, the plaintiffs being allowed for all mileage when carrying mail, compensation was actually paid for a round trip. But in some instances it was necessary for the vehicles performing a required trip from the post office to the railroad station carrying mail to return, for the purposes of the service, empty, and in such cases the return trip when not carrying mail was not paid for.
Plaintiff’s theory of the case in this view of it is that since it performed a given number of miles of service in the carrying of mails for which they were compensated they also performed an equal number of miles of necessary travel when they were not carrying mails, because of the fact that the service was a trip and not a circuit service. But the facts already cited are sufficient answer to this contention. It is to be admitted that it is difficult to determine how many miles were necessarily traveled in the performance of this service when mails were not carried and for which compensation was not paid, but the findings have solved the question as accurately as the record justifies, and upon that basis we have concluded that the plaintiffs are entitled to recover. It may be added upon the question of compensation that it seems to us clear that the compen *40 sation provided for in the order of June 30, 1911, was derived from and intended to be on the basis of the plaintiffs’ contract and that contract did not contemplate any dead mileage.
Our conclusion is that the plaintiffs are entitled to recover for all mileage necessarily traveled in the performance of the service required by the order of June 30, 1911, and not paid for, and they are accordingly awarded judgment in the sum of $7,346.66.
'Graham, Judge; Hat, Judge; Booth, Judge; and Campbell, Chief Justice, concur.